**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRANDON MARCUS HALL, | ) | NO. ED CV 23-325-CJC(E) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DISMISSING COMPLAINT |
| | ) | |
| SAN BERNARDINO COUNTY SHERIFF, | ) | WITH LEAVE TO AMEND |
| | ) | |
| Defendant. | ) | |

For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. §§ 1915(e)(2)(B), 1915(A).

**PROCEEDINGS**

On February 23, 2023, Plaintiff, apparently a detainee at the West Valley Detention Center, filed a "Civil Rights Complaint" pursuant to 42 U.S.C. section 1983. The caption of the Complaint names as Defendant the "San Bernardino County Sheriff," apparently sued only in official capacity.

///

The Complaint appears to contain two claims. The first claim alleges that the Sheriff Department's "negligence and carelessness" resulted in Plaintiff slipping in a "puddle of water" and suffering an injury. The second claim alleges that "negligence" in regard to food preparation caused Plaintiff to ingest a piece of a metal razor. Plaintiff does not allege that this incident result in any physical harm to Plaintiff, although he does claim "future mental distress" as a result of the incident.

Plaintiff may not sue the Sheriff or any other supervisor pursuant to 42 U.S.C. section 1983 on a theory that the supervisor is liable for the acts of his or her subordinates. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). Mere knowledge of a subordinate's alleged misconduct is insufficient. Id. To state a cognizable section 1983 claim, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). The Complaint alleges no facts showing the personal involvement of the Sheriff in any asserted wrongdoing.

To the extent Plaintiff seeks to sue the Sheriff in official rather than individual capacity, Plaintiff's claims must be construed as claims against the County of San Bernardino. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiff cannot sue the County on the theory of respondeat superior, which is not a theory of

1  liability cognizable under 42 U.S.C. section 1983. See Connick v.
2  Thompson, 563 U.S. 51, 60-61 (2011); Ashcroft v. Iqbal, 556 U.S. at
3  676; Polk County v. Dodson, 454 U.S. at 325; Castro v. County of Los
4  Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc), cert. denied,
5  137 S. Ct. 831 (2017). The County may be held liable only if the
6  alleged wrongdoing was committed pursuant to a municipal policy,
7  custom or usage. See Board of County Commissioners of Bryan County,
8  Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell, 436 U.S. 658,
9  691 (1978). Conclusory allegations do not suffice to plead a
10 municipal liability claim. See Ashcroft v. Iqbal, 556 U.S. at 678
11 (plaintiff must allege more than an "unadorned, the-defendant-
12 unlawfully-harmed-me accusation"; a pleading that "offers labels and
13 conclusions or a formulaic recitation of the elements of a cause of
14 action will not do"); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.
15 2011) (en banc), cert. denied, 566 U.S. 982 (2012) ("allegations in a
16 complaint or counterclaim may not simply recite the elements of a
17 cause of action, but must contain sufficient allegations of underlying
18 facts to give fair notice and to enable the opposing party to defend
19 itself effectively"). Although the Complaint vaguely references a
20 "procedure" and a "policy," the references are insufficient to plead a
21 municipal liability claim against the County.

23      Even more fundamentally, the Complaint fails to state any claim
24 for a violation of due process. The Complaint alleges "negligence"
25 and "carelessness." "The mere lack of due care by a [government]
26 official does not deprive an individual of life, liberty, or property
27 under the Fourteenth Amendment." Castro v. County of Los Angeles, 833
28 F.3d at 1071 (citation and quotations omitted); see also Gordon v.

1  County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018), cert. denied,
2  139 S. Ct. 794 (2019). "Thus, the plaintiff must "prove more than
3  negligence but less than subjective intent — something akin to
4  reckless disregard." Castro v. County of Los Angeles, 833 F.3d at
5  1071; see also Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th
6  Cir. 2018), cert. denied, 139 S. Ct. 794 (2019) (citation and footnote
7  omitted); see also Daniels v. Williams, 474 U.S. 327, 330-31 (1986)
8  (negligent actions or omissions by government officials are not
9  actionable under section 1983); OSU Student Alliance v. Ray, 699 F.3d
10 1053, 1078 (9th Cir. 2012), cert. denied, 571 U.S. 819 (2013)
11 ("negligence does not suffice for due process liability") (citation
12 omitted).[1]

   Finally, Plaintiff's second claim appears to seek damages purely
   for (future) emotional distress in the absence of any specific
   physical injury resulting from the complained-of incident. "No
   Federal civil action may be brought by a prisoner confined in a jail,
   prison, or other correctional facility, for mental or emotional injury
   suffered while in custody without a prior showing of physical injury."
   42 U.S.C. § 1997e(e). Section 1997e(e) requires a showing of more
   than a de minimis physical injury in order to recover damages for
   emotional distress. Oliver v. Keller, 289 F.3d 623, 630 (9th Cir.
   2002).
   ///
   ///

---

[1] Plaintiff may wish to consider filing a lawsuit in the San Bernardino Superior Court, a court which would have subject matter jurisdiction over negligence claims.

1  For all of the above reasons, the Complaint is dismissed with
2 leave to amend. If Plaintiff still wishes to pursue this action in
3 this Court, he is granted thirty (30) days from the date of this Order
4 within which to file a First Amended Complaint. Any First Amended
5 Complaint shall be complete in itself and shall not refer in any
6 manner to the original Complaint. Plaintiff may not add Defendants
7 without leave of court. See Fed. R. Civ. P. 21. Failure timely to
8 file a First Amended Complaint in conformity with this Order may
9 result in the dismissal of the action. See Pagtalunan v. Galaza, 291
10 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003)
11 (court may dismiss action for failure to follow court order); Simon v.
12 Value Behav. Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended,
13 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001),
14 overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th
15 Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without
16 leave to amend where plaintiff failed to correct deficiencies in
17 complaint, where court had afforded plaintiff opportunities to do so,
18 and where court had given plaintiff notice of the substantive problems
19 with his claims); Plumeau v. School District #40, County of Yamhill,
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

DATED: March 27, 2023.

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

PRESENTED this 27th day of March, 2023, by:

_____/s/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE